**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ADRIENNE L. SMITH,<br><br>Plaintiff<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:26-cv-01174-RWS |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## I. PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

Plaintiff brings this action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶2:**

This action arises from Defendants' inaccurate credit reporting, failure to conduct reasonable reinvestigations following Plaintiff's written disputes, and failure to correct inaccurate information after receiving notice. Defendants Experian, Equifax, and TransUnion (collectively, the "CRA Defendants") each published a materially inaccurate and inflated collection account balance for the Columbia Debt Recovery / Genesis tradeline on Plaintiff's consumer credit file. Despite receiving a complete written dispute supported by documentation from the original creditor establishing that the correct balance is no more than $7,401.24, each CRA Defendant failed to conduct a reasonable reinvestigation and continued to publish a false and escalating balance exceeding $15,700.

**ANSWER:**

Equifax admits that, at times, Columbia Debt Recovery d/b/a/ Genesis ("Genesis") has furnished information to it concerning Plaintiff. Equifax also admits that it has received a letter from Plaintiff concerning the Genesis account, the contents of which speak for themselves. Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

**COMPLAINT ¶3:**

Defendant Genesis is the furnisher of the inaccurate tradeline. Genesis reported a continuously escalating balance growing from $13,554 at the time of placement in March 2024 to over $15,768 as' of July 2026 without any contractual or legal basis for post-assignment interest accrual and has continued to verify this inflated balance as accurate after receiving notice of Plaintiff's disputes through the CRA Defendants.

**ANSWER:**

Equifax admits that, at times, Genesis has furnished information to it concerning Plaintiff. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information

sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶4:**

As a direct and proximate result of Defendants' failures, Plaintiff suffered concrete, particularized injury including denial of credit by American Express (July 30, 2026), denial of credit by Truist Bank (July 30, 2026), denial of credit by Apple Card / Goldman Sachs Bank USA (July 30, 2026), and denial of credit by Barclays Bank Delaware (August 17, 2026), each based in whole or in part on Plaintiff's consumer credit reports reflecting the inaccurate Columbia Debt Recovery tradeline.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## II. JURISDICTION & VENUE

**COMPLAINT ¶5:**

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶6:**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(6)(1), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1391(b)(3), and 15 U.S.C. § 1681p. Defendant Experian Information Solutions, Inc. maintains its principal United States dispute processing operations at 701 Experian Parkway, Allen, Texas 75013, which is located in Collin County within the Sherman Division of this District. All Defendants transact substantial and regular business in this District. A substantial part of the events and omissions giving rise to Plaintiff's claims, including the processing of Plaintiff's disputes, the transmission of ACDV notices, and the furnishing and reporting of inaccurate consumer credit information, occurred within this District.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**COMPLAINT ¶7:**

Joinder in this district is proper as to all Defendants under Rule 20(a) of the Federal Rules of Civil Procedure as (I) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

## III. PARTIES AND SERVICE

**Plaintiff Adrienne L. Smith**

**COMPLAINT ¶8:**

Plaintiff Adrienne L. Smith is a resident of DeKalb County, Georgia.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**Defendant Experian Information Solutions, Inc.**

**COMPLAINT ¶10:**

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and maintains its principal United States dispute processing operations at 701 Experian Parkway, Allen, Texas 75013, within the Sherman Division of this District. Experian may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

Experian regularly assembles, evaluates, and disseminates consumer information for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681d, to third parties for monetary compensation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Defendant Equifax Information Services, LLC**

**COMPLAINT ¶12:**

Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 168la(f) and maintains its principal office at 1550 Peachtree Street, Atlanta, Georgia 30309. Equifax conducts substantial and regular business within this District and may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax further admits that it maintains its principal address at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax also admits that it is registered to do business in the State of Texas, and that it may be served through its registered agent, Corporation Service Company. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶13:**

Equifax regularly assembles, evaluates, and disseminates consumer information for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681d, to third parties for monetary compensation.

**ANSWER:**

Equifax admits that, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation. Equifax denies the remaining allegations in this paragraph.

**Defendant Trans Union, LLC**

**COMPLAINT ¶14:**

Defendant Trans Union, LLC ("TransUnion") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and maintains its principal office at 555 W. Adams Street, Chicago, Illinois 60661. TransUnion conducts substantial and regular business within this District and may be served with process through its registered agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

TransUnion regularly assembles, evaluates, and disseminates consumer information for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681d, to third parties for monetary compensation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Defendant Columbia Debt Recovery, LLC d/b/a Genesis**

**COMPLAINT ¶16:**

Defendant Columbia Debt Recovery, LLC d/b/a Genesis ("Genesis") is a furnisher of consumer credit information to consumer reporting agencies as defined by 15 U.S.C. § 1681s-2. Genesis maintains its principal business address at 906 SE Everett Mall Way, Suite 301, Everett, Washington 98208 and regularly conducts business within this District. Genesis may be served with process through its registered agent Corporation Service Company located at 300 Deschutes Way Sw Ste. 208 Mc-Cscl, Tumwater, WA 98501.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

At all times material hereto, Genesis is a person who routinely furnishes information concerning consumers and their alleged debts to consumer reporting agencies to publish consumer reports, as defined under 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## IV. FACTUAL ALLEGATIONS

### A. The Alleged Debt and Its Origin

**COMPLAINT ¶18:**

Plaintiff previously resided at The Boulevard at Grant Park, 1015 Boulevard SE, Unit 244, Atlanta, Georgia 30312, a residential apartment property managed by Greystar Real Estate Partners, LLC ("Greystar").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

Plaintiff's move-out date from The Boulevard at Grant Park was August 31, 2023.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

On November 2, 2023, The Boulevard at Grant Park, though Greystar, sent Plaintiff correspondence regarding Account No. 47721540, referencing an outstanding balance of $7,401.24.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

On or about March 20, 2024, the alleged debt was placed for collection with Defendant Genesis, with The Boulevard at Grant Park listed as the original creditor.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**B. Inaccurate Credit Reporting by Genesis**

**COMPLAINT ¶22:**

Beginning in March 2024 and continuing through the present, Genesis has reported a collection account on Plaintiff's consumer credit file at each of the three CRA Defendants with an inflated and continuously escalating balance.

**ANSWER:**

Equifax admits that, at times, Genesis has furnished information to it concerning Plaintiff. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

As of the dates of Plaintiff's May 6, 2026, credit reports, Genesis was reporting the following inaccurate balances: Experian: $15,550; TransUnion: $15,550; and Equifax: $15,571.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

By July 2026, following Plaintiff's written disputes, the reported balances had increased further rather than being corrected: Experian (July 23, 2026): $15,768; TransUnion (July 10, 2026): $15,732; and Equifax (July 10, 2026): $15,732.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

The balance reported by Genesis has been increasing by approximately $75 to $85 per month since placement in March 2024, growing from $13,554 at placement to over $15,768 as of July 2026. The escalating balance is inaccurate and unsupported by any legal or contractual basis.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

The original creditor's own November 2, 2023, correspondence establishes that the correct amount alleged to be owed was $7,401.24. The balance Genesis has reported ranging from $13,554 at placement to over $15,768 materially exceeds the amount documented by the original creditor and is false.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**C. Plaintiff's Written Disputes to the CRA Defendants**

**COMPLAINT ¶27:**

On or about May 28, 2026, Plaintiff submitted written disputes to Experian, Equifax, and TransUnion by certified mail, return receipt requested. Each dispute specifically identified the Columbia Debt Recovery / Genesis collection account, stated that the reported balance was inaccurate and materially overstated, stated that the correct balance should be no more than $7,401.24 per the original creditor's own correspondence, cited 15 U.S.C. § 1681i, and requested that each CRA conduct a reasonable reinvestigation and forward the dispute and all supporting documentation to Genesis.

**ANSWER:**

Equifax admits that on June 2, 2026, it received a letter from Plaintiff, via certified mail, concerning the Genesis account, the contents of which speak for themselves.

**COMPLAINT ¶28:**

Plaintiff enclosed the following documentation with each dispute:

a. The November 2, 2023, correspondence from The Boulevard at Grant Park / Greystar reflecting a balance of $7,401.24 on Account No. 47721540;

b. An excerpt from Plaintiff's credit report showing the disputed tradeline; and

c. Personal identifying documentation as requested by Experian.

**ANSWER:**

Equifax admits that on June 2, 2026, it received a letter from Plaintiff concerning the Genesis account, the contents of which speak for themselves.

**D. Experian's Failure to Reinvestigate**

**COMPLAINT ¶29:**

Upon receiving Plaintiff's dispute, Experian sent a letter requesting additional personal identifying information. Plaintiff promptly re-sent the complete dispute packet with the requested documentation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

Experian thereafter issued a letter indicating it was unable to process Plaintiff's dispute without conducting any substantive reinvestigation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

As of Plaintiff's July 23, 2026, Experian credit report, the Columbia Debt Recovery tradeline remained unchanged. The balance stood at $15,768 and continued to increase. The reinvestigation notation still referenced a prior September 2025 dispute: "This item remained unchanged from our processing of your dispute in Sep 2025," with no new entry reflecting the May 2026 dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Experian's systematic policy of issuing letters to certified mail disputes while in possession of complete identity documentation without conducting any substantive reinvestigation constitutes knowing or reckless disregard of its § 1681i obligations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

Experian failed to conduct a reasonable reinvestigation within the period required by 15 U.S.C. § 1681i(a)(1) and failed to provide Plaintiff with the written results of any reinvestigation as required by 15 U.S.C. § 1681i(a)(6).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

As a direct result of Experian's conduct, Plaintiff suffered damage including denial of credit applications, suppression of her credit score, financial harm, and the mental and emotional pain, anguish, humiliation, and embarrassment of repeated credit denials attributable to a false and unverified tradeline.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**E. Equifax's Failure to Reinvestigate**

**COMPLAINT ¶35:**

Upon receiving Plaintiff's dispute, Equifax conducted no substantive reinvestigation. As of Plaintiff's July 10, 2026, Equifax credit report, the Columbia Debt Recovery balance remained at $15,732. No correction was made and no dispute notation was added.

**ANSWER:**

Certain allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶36:**

Equifax failed to conduct a reasonable reinvestigation within the period required by 15 U.S.C. § 1681i(a)(1) and failed to provide Plaintiff with the written results of any reinvestigation as required by 15 U.S.C. § 1681i(a)(6).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶37:**

As a direct result of Equifax's conduct, Plaintiff suffered damage including denial of credit, suppression of her credit score, financial harm, and emotional distress.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**F. TransUnion's Failure to Reinvestigate**

**COMPLAINT ¶38:**

Upon receiving Plaintiff's dispute, TransUnion conducted no substantive reinvestigation. As of Plaintiff's July 10, 2026, TransUnion credit report, the Columbia Debt Recovery balance remained at $15,732. No correction was made.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

TransUnion failed to conduct a reasonable reinvestigation within the period required by 15 U.S.C. § 1681i(a)(1) and failed to provide Plaintiff with the written results of any reinvestigation as required by 15 U.S.C. § 1681i(a)(6).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

As a direct result of TransUnion's conduct, Plaintiff suffered damage including denial of credit, suppression of her credit score, financial harm, and emotional distress.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**G. Genesis's Failure to Investigate Upon Notice of Dispute**

**COMPLAINT ¶41:**

Each CRA Defendant was required, upon receipt of Plaintiff's written dispute, to forward notice of the dispute and all relevant supporting documentation to Genesis pursuant to 15 U.S.C. § 1681i(a)(2). Upon receiving such notice, Genesis was obligated under 15 U.S.C. § 1681s-2(b)(1)

to conduct a reasonable investigation, review all relevant information provided by the CRA, report the results to the CRA, and modify, delete, or block the reporting of the disputed information if found to be inaccurate or unverifiable.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶42:**

Genesis failed to conduct a reasonable investigation. Following Plaintiff's May 2026 disputes, the balance reported by Genesis continued to increase through July 2026. No correction was made. Genesis's continued reporting of an inaccurate and unsupported escalating balance, including after receiving dispute notice through multiple dispute cycles including a prior September 2025 dispute processed by Experian that also resulted in no change constitutes a failure to comply with its duties under 15 U.S.C. § 1681s-2(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

As a direct result of Genesis's conduct, Plaintiff suffered damage including credit denials, suppression of her credit scores across all three major CRAs, financial harm, and emotional distress.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## H. Adverse Actions Suffered by Plaintiff

**COMPLAINT ¶44:**

As a direct and proximate result of the inaccurate Columbia Debt Recovery tradeline reported by Defendants on Plaintiff's consumer credit file, Plaintiff suffered the following concrete adverse actions:

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶45:**

On July 30, 2026, American Express denied Plaintiff's application for the American Express Gold Card. American Express obtained Plaintiff's credit information from Experian and cited Plaintiff's FICO score of 645 as a factor in the denial. The inaccurate Columbia Debt Recovery tradeline appearing on Plaintiff's Experian report was a material factor in the denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

On July 30, 2026, Truist Bank denied Plaintiff's application for a Truist Consumer Credit Card. Truist obtained Plaintiff's credit information from Equifax and cited as key adverse factors: "Balances on accounts too high compared to credit limits and loan amounts," "Unpaid collections," and "Too many delinquent or derogatory accounts." Plaintiff's Equifax credit score was 601. The inaccurate Columbia Debt Recovery tradeline was a material factor in the denial.

**ANSWER:**

Certain allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶47:**

On July 30, 2026, Apple Card (Goldman Sachs Bank USA) denied Plaintiff's application for the Apple Card. Goldman Sachs obtained Plaintiff's credit information from TransUnion and cited "Serious delinquency and public record or collection filed" and "Too many accounts with balances." Plaintiff's TransUnion credit score was 615. The inaccurate Columbia Debt Recovery tradeline was a material factor in the denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

On August 17, 2026, Barclays Bank Delaware denied Plaintiff's application for the Banana Republic Encore Credit Card. Barclays obtained Plaintiff's credit information from Experian and cited "Serious delinquency, and public record or collection filed" and "Time since derogatory public record or collection is too short." Plaintiff's Experian credit score was 657. The inaccurate Columbia Debt Recovery tradeline was a material factor in the denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

As a result of the inaccurate reporting and Defendants' failures to investigate and correct the tradeline, Plaintiff has suffered actual damages including: denied access to credit; suppressed credit scores across all three major CRAs; financial harm; damage to her credit reputation; and emotional distress including stress, anxiety, and embarrassment caused by repeated credit denials attributable to an inaccurate collection account.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## V. ARTICLE III STANDING

**COMPLAINT ¶50:**

Plaintiff has Article III standing to bring this action because she is asserting FCRA claims with a concrete injury-in-fact bearing a close relationship to a harm traditionally recognized at common law.

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶51:**

Plaintiff suffered concrete, particularized harm. Plaintiff applied for and was denied credit by four separate lenders between July 30 and August 17, 2026, each denial based in whole or in

part on Plaintiff's consumer credit reports reflecting the inaccurate Columbia Debt Recovery tradeline. These credit denials constitute concrete injury bearing close relationship to the common law torts of defamation and the reputational harm recognized in the FCRA's statutory scheme.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶52:**

Plaintiff's injuries are fairly traceable to Defendants' publication of materially inaccurate consumer credit information and are redressable by this Court through actual damages, statutory damages, punitive damages, attorneys' fees, and other relief.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION

### Willful Violation of 15 U.S.C. § 16811(a) as to Defendant Experian

**COMPLAINT ¶53:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶54:**

Experian is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) and is subject to the reinvestigation requirements of 15 U.S.C. § 1681i.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶55:**

Plaintiff submitted a complete written dispute to Experian on or about May 28, 2026, identifying the inaccurate Columbia Debt Recovery tradeline, stating that the correct balance was no more than $7,401.24, and providing documentary support from the original creditor.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶56:**

Experian failed to conduct a reasonable reinvestigation within the statutory period. Experian issued a letter after receiving complete identity documentation, conducted no substantive review, made no correction to the tradeline, and made no new reinvestigation entry on Plaintiff's credit file. The inaccurate balance continued to increase throughout and after the dispute period.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶57:**

Experian's willful violations of 15 U.S.C. § 1681i include, without limitation:

a. The failure to conduct a reasonable reinvestigation of Plaintiff's dispute after receiving a complete, documented dispute letter;

b. The use of letters to avoid substantive reinvestigation of certified mail disputes while in possession of complete identity documentation;

c. The failure to forward Plaintiff's dispute and supporting documentation to Genesis for investigation;

d. The failure to correct or delete the inaccurate tradeline after receiving notice of the specific inaccuracy and supporting documentation;

e. The continual publication of an inaccurate and escalating balance after being advised of the inaccuracy; and

f. The failure to provide Plaintiff with written notice of the results of any reinvestigation as required by 15 U.S.C. § 1681i(a)(6).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶58:**

As a direct result of Experian's conduct, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## SECOND CAUSE OF ACTION

### Willful Violation of 15 U.S.C. § 16811(a) as to Defendant Equifax

**COMPLAINT ¶59:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶60:**

Equifax is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) and is subject to the reinvestigation requirements of 15 U.S.C. § 1681i.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax further admits that it is subject to the FCRA. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶61:**

Plaintiff submitted a complete written dispute to Equifax on or about May 28, 2026. Equifax failed to conduct any substantive reinvestigation, made no correction to the tradeline, provided no written results, and allowed the inaccurate balance to continue increasing through the dispute period. Equifax's complete non-response to a documented consumer dispute constitutes willful noncompliance within the meaning of 15 U.S.C. § 1681n.

**ANSWER:**

Equifax admits that on June 2, 2026, it received a letter from Plaintiff concerning the Genesis account, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶62:**

Equifax's willful violations of 15 U.S.C. § 1681i include, without limitation:

a. The failure to conduct a reasonable reinvestigation of Plaintiff's dispute after receiving a complete, documented dispute letter;

b. The failure to forward Plaintiff's dispute and supporting documentation to Genesis for investigation;

c. The failure to correct or delete the inaccurate tradeline after receiving notice of the specific inaccuracy and supporting documentation;

d. The continual publication of an inaccurate and escalating balance after being advised of the inaccuracy; and

e. The failure to provide Plaintiff with written notice of the results of any reinvestigation as required by 15 U.S.C. § 1681i(a)(6).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶63:**

As a direct result of Equifax's conduct, Plaintiff suffered damage by loss of credit, including the denial of Plaintiff's Truist Consumer Credit Card application, suppression of her Equifax credit score, financial harm, and emotional distress.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## THIRD CAUSE OF ACTION

**Willful Violation of 15 U.S.C. § 1681i(a) as to Defendant TransUnion**

**COMPLAINT ¶64:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶65:**

TransUnion is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) and is subject to the reinvestigation requirements of 15 U.S.C. § 1681i.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶66:**

Plaintiff submitted a complete written dispute to TransUnion on or about May 28, 2026. TransUnion failed to conduct any substantive reinvestigation, made no correction to the tradeline, provided no written results, and allowed the inaccurate balance to continue reporting through the dispute period. TransUnion's complete non-response to a documented consumer dispute constitutes willful noncompliance within the meaning of 15 U.S.C. § 1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶67:**

TransUnion's willful violations of 15 U.S.C. § 1681i include, without limitation:

a. The failure to conduct a reasonable reinvestigation of Plaintiff's dispute after receiving a complete, documented dispute letter;

b. The failure to forward Plaintiff's dispute and supporting documentation to Genesis for investigation;

c. The failure to correct or delete the inaccurate tradeline after receiving notice of the specific inaccuracy and supporting documentation;

d. The continual publication of an inaccurate and escalating balance after being advised of the inaccuracy; and

e. The failure to provide Plaintiff with written notice of the results of any reinvestigation as required by 15 U.S.C. § 1681i(a)(6).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶68:**

As a direct result of TransUnion's conduct, Plaintiff suffered damage by loss of credit, including the denial of Plaintiff's Apple Card application, suppression of her TransUnion credit score, financial harm, and emotional distress.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## FOURTH CAUSE OF ACTION

### Negligent Violation of 15 U.S.C. § 1681i as to Defendants Experian, Equifax, and TransUnion

**COMPLAINT ¶69:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶70:**

In the alternative to the willful violation claims set forth above, each CRA Defendant negligently failed to conduct a reasonable reinvestigation of Plaintiff's disputes as required by 15 U.S.C. § 1681i.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶71:**

Each CRA Defendant had a duty to reinvestigate the disputed information, review the documentary evidence submitted by Plaintiff, forward the dispute and supporting documentation to Genesis, and correct or delete the inaccurate tradeline if found to be inaccurate or unverifiable.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶72:**

Each CRA Defendant's failure to meet this duty constitutes negligence under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶73:**

As a direct and proximate result of the CRA Defendants' negligent failures, Plaintiff suffered actual damages as alleged herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## FIFTH CAUSE OF ACTION

### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendants Experian, Equifax, and TransUnion

**COMPLAINT ¶74:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶75:**

Section 1681e(b) of the FCRA requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶76:**

Each CRA Defendant published an inaccurate and materially inflated balance for the Columbia Debt Recovery / Genesis collection account on Plaintiff's consumer credit file. The correct balance, as documented by the original creditor's own November 2, 2023, correspondence, was no more than $7,401.24. The CRA Defendants published balances ranging from $15,550 to $15,768; more than double the documented amount.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**<u>COMPLAINT ¶77:</u>**

Reasonable procedures to assure maximum possible accuracy would have identified the discrepancy between the balance reported by Genesis and the amount documented by the original creditor. Each CRA Defendant's failure to follow such procedures constitutes willful noncompliance with the FCRA.

**<u>ANSWER:</u>**

Equifax denies the allegations in this paragraph.

**<u>COMPLAINT ¶78:</u>**

As a direct result of these violations, Plaintiff suffered actual damages as alleged herein.

**<u>ANSWER:</u>**

Equifax denies the allegations in this paragraph.

## <u>SIXTH CAUSE OF ACTION</u>

### Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendants Experian, Equifax, and TransUnion

**<u>COMPLAINT ¶79:</u>**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**<u>ANSWER:</u>**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**<u>COMPLAINT ¶80:</u>**

Section 1681e(b) of the FCRA requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

**<u>ANSWER:</u>**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶81:**

Each CRA Defendant published an inaccurate and materially inflated balance for the Columbia Debt Recovery / Genesis collection account on Plaintiff's consumer credit file. The correct balance, as documented by the original creditor's own November 2, 2023, correspondence, was no more than $7,401.24. The CRA Defendants published balances ranging from $15,550 to $15,768; more than double the documented amount.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶82:**

Reasonable procedures to assure maximum possible accuracy would have identified the discrepancy between the balance reported by Genesis and the amount documented by the original creditor. Each CRA Defendant's failure to follow such procedures constitutes negligent noncompliance with the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶83:**

As a direct result of these violations, Plaintiff suffered actual damages as alleged herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## SEVENTH CAUSE OF ACTION

**Willful Violation of 15 U.S.C. § 1681s-2(b) as to Defendant Columbia Debt Recovery, LLC d/b/a Genesis**

**COMPLAINT ¶84:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶85:**

Columbia Debt Recovery, LLC d/b/a Genesis negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's disputes after receiving notice from the consumer reporting agencies, and by verifying the collection account as accurately reported without genuinely investigating Plaintiff's dispute or the documentary evidence.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶86:**

The failure of Columbia Debt Recovery, LLC d/b/a Genesis to comply with the FCRA includes the following:

a. The failure to conduct a reasonable investigation with respect to the disputed information;

b. The failure to review all relevant information provided by the consumer reporting agency, including Plaintiff's identity documentation and the evidence establishing that the reported balance was legally unenforceable;

c. The failure to report the results of a genuine investigation to the consumer reporting agencies;

d. The failure to modify, delete, or permanently block the reporting of information found to be inaccurate, incomplete, or unverifiable;

e. The continual furnishing of inaccurate and inflated balance information after receiving notice of dispute from consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶87:**

As a result of the conduct, action, and inaction of Columbia Debt Recovery, LLC d/b/a Genesis, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## EIGHTH CAUSE OF ACTION

### Willful Violation of 15 U.S.C. § 1681s-2(b) as to Defendant Columbia Debt Recovery, LLC d/b/a Genesis

**COMPLAINT ¶88:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶89:**

Columbia Debt Recovery, LLC d/b/a Genesis violated 15 U.S.C. § 1681s-2(b) by verifying the balance as accurate through the ACDV process without conducting a reasonable investigation. Columbia Debt Recovery, LLC d/b/a Genesis's verification was made without reviewing the underlying account records of the original creditor, which would have confirmed that Plaintiff `s disputes reflected the correct information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

The failure of Columbia Debt Recovery, LLC d/b/a Genesis to comply with the FCRA includes the following:

a. The failure to conduct a reasonable investigation with respect to the disputed information;

b. The failure to review all relevant information provided by the consumer reporting agency, including Plaintiff's identity documentation and the evidence establishing that the reported balance was legally unenforceable;

c. The failure to report the results of a genuine investigation to the consumer reporting agencies;

d. The failure to modify, delete, or permanently block the reporting of information found to be inaccurate, incomplete, or unverifiable;

e. The continual furnishing of inaccurate and inflated balance information after receiving notice of dispute from consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶91:**

As a result of the conduct, action, and inaction of Columbia Debt Recovery, LLC d/b/a Genesis, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## VI. DEMAND FOR TRIAL BY JURY

**COMPLAINT ¶92:**

Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, and award the following relief:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant;

4. Awarding Plaintiff pre- and post-judgment interest;

5. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 168 ln(a)(3) and 15 U.S.C. § 1681o(a)(2); and

6. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it. Equifax is neither incorporated nor headquartered in Texas, and the conduct giving rise to Plaintiff's claim occurred outside of Texas and was not targeted at Texas.

**SECOND DEFENSE**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

**THIRD DEFENSE**

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit report(s).

**FOURTH DEFENSE**

Subject to proof through discovery, Plaintiff's purported causes of action are barred to the extent that Plaintiff has waived her right to assert the purported claims contained in the Complaint.

**FIFTH DEFENSE**

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations and/or statute of repose.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action; and

(3) it recover such other and additional relief as the Court deems just and appropriate.

DATED: October 22, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Jennifer R. Brooks*

Jennifer R. Brooks, Bar No. 24103791
jrbrooks@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Telephone: (469) 608-6730

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jennifer R. Brooks*
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*